# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## APRIL 1999 SESSION

FILED

October 5, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JACQUES B. BENNETT,** | * | C.C.A. 03C01-9809-CR-00338 |
| Appellant, | * | HAMILTON COUNTY |
| vs. | * | Hon. Douglas A. Meyer, Judge |
| **STATE OF TENNESSEE,** | * | (Motion to Vacate/Set Aside Judgment/Plea) |
| Appellee. | * | |

For Appellant:

Jacques B. Bennett
STSRCF
Route 4, Box 600
Pikeville, TN 37367

For Appellee:

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED - RULE 20

NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, Jacques B. Bennett, appeals the summary dismissal of his "Motion to Vacate/Set Aside Judgment/Plea: and, to Declare Said Judgment/Plea Void" by the Hamilton County Criminal Court on January 9, 1998. Following a thorough review of the record, we conclude that this is an appropriate case for affirmance pursuant to Ct. of Crim. App. Rule 20.

On November 9, 1992, the petitioner pled guilty in the Hamilton County Criminal Court to first degree murder. According to the petitioner, he then filed a motion to withdraw his guilty plea on December 13, 1992.[1] The trial court denied the petitioner's motion and, on January 5, 1993, entered a judgment of conviction, sentencing the petitioner to imprisonment for life. On July 6, 1993, the petitioner filed a petition for post-conviction relief in which he raised the following grounds for relief: (1) whether he voluntarily and knowingly entered his guilty plea; (2) whether trial counsel rendered ineffective assistance; (3) whether the trial court erroneously denied his motion to withdraw his guilty plea and his motion to vacate or set aside the plea agreement; and (4) whether the trial court lacked jurisdiction to accept his guilty plea. The trial court denied the petition, and this court affirmed the trial court's judgment. Bennett v. State, No. 03C01-9512-CR-00391, 1996 WL 492158 (Tenn. Crim. App. at Knoxville, August 28, 1996), perm. to appeal denied, (Tenn. 1997).

On December 30, 1997, the petitioner filed the instant "motion," alleging that (1) trial counsel rendered ineffective assistance, (2) the trial court erroneously denied his motion to withdraw his guilty plea, and (3) he was not present when the trial court sentenced him to imprisonment for life. The trial court

---

[1]In his brief, the petitioner states that he also filed motions to withdraw his guilty plea on May 19, 1993, and on November 3, 1994, both of which motions were denied by the trial court.

2

treated the petitioner's motion as a petition to reopen his prior petition for post-conviction relief and declined to afford relief. The trial court based its denial of relief upon this court's prior determination of the petitioner's allegations and additionally concluded that the petition is time-barred. On appeal, the petitioner disputes the trial court's findings and additionally alleges that the trial court violated the federal and state constitutions and Tenn. R. Crim. P. 43 and 44 by sentencing him to imprisonment for life in his absence and in the absence of his attorney.

Initially, we note that the trial court properly treated the petitioner's "motion" as a petition to reopen his prior petition for post-conviction relief. A trial court is not bound by the title of a pleading but has discretion to treat the pleading according to the relief sought. Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995); Caruthers v. State, No. 02C01-9806-CC-00162, 1999 WL 55938, at *2 (Tenn. Crim. App. at Jackson, February 9, 1999). The petitioner's judgment of conviction having long since become final, post-conviction proceedings constituted the petitioner's sole remaining avenue of relief in the Hamilton County Criminal Court. See Newsome v. State, 995 S.W.2d 129, 133-134 (Tenn. Crim. App. 1998), perm. to appeal denied, (Tenn. 1999); State v. Lyons, No. 01C01-9508-CR-00263, 1997 WL 469501, at *5 (Tenn. Crim. App. at Nashville, August 15, 1997). Yet, the petitioner had previously filed a petition for post-conviction relief which was resolved on the merits by the trial court and by this court on appeal. As the State correctly notes, the 1995 Post-Conviction Procedure Act provides:

> This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in Tenn. Code. Ann. § 40-30-217.

3

Tenn. Code. Ann. § 40-30-202(c) (1997).  We conclude that none of the limited circumstances set out in Tenn. Code. Ann. § 40-30-217 (1997) are applicable in this case.  Accordingly, we affirm the judgment of the trial court pursuant to Ct. of Crim. App. Rule 20.


_____
Norma McGee Ogle, Judge


CONCUR:


_____
Jerry L. Smith, Judge


_____
Joe G. Riley, Judge